381 F.2d 726
 Eugene J. O'NEIL, Paul T. McCUSKER, Gordon MacSmith, C.C.
Alexander, Gustaf A. Johnson, Byron Evans and J.
Arthur Krauss, Appellants,
v.
O.A. CARGILL and Harold F. Westcott, Appellees.
 No. 9225.
 United States Court of Appeals Tenth Circuit.
 Aug. 9, 1967.
 
 Floyd L. Walker Tulsa, Okl., for appellants.
 Charles Hill Johns, Midwest City, Okl. (James F. Howell and Toney M. Webber, Midwest City, Okl., were with him on the brief), for appellee, Harold F. Westcott.
 Leslie L. Conner, Oklahoma City, Okl. (James M. Little and Leslie L. Conner, Jr., of Conner, Little & Conner, Oklahoma City, Okl., were with him on the brief), for appellee O.A. Cargill.
 Before PHILLIPS, LEWIS and HILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from an order of the District Court for the Western District of Oklahoma dismissing appellants-plaintiffs' complaint and action for failure to state a claim. The ruling below was premised upon the conclusion that plaintiffs' action constituted a claim for money damages necessitating a collateral attack upon a final judgment of the Supreme Court of Oklahoma. Plaintiffs had alleged that the subject judgment had resulted from the bribing by defendants of one or more members of the State Supreme Court. We take judicial knowledge of the fact that, during the pendency of this appeal, the Supreme Court of Oklahoma has by its own action dated April 25, 1967, set aside and vacated its prior decision in the questioned cause, recalled its mandate, and reinstated the cause upon its docket for further consideration upon the merits.
 
 
 2
 We think these unprecedented events dictate that the proper administration of justice will best be served by allowing plaintiffs and opportunity to plead their cause in the light of the changed circumstances.
 
 
 3
 The case is accordingly remanded to the district court with instructions to reinstate plaintiffs' complaint and allow plaintiffs and opportunity to amend. Final dispositive action upon the case might, in the discretion of the court, well be held in abeyance pending further proceedings in the Oklahoma Supreme Court.